**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| STEPHEN IAN PAIGE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-01928-JD |
| | ) | |
| KELLI DAVIS, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

Before the Court is United States Magistrate Judge Suzanne Mitchell's Report and Recommendation ("R. & R.") [Doc. No. 9], to which Petitioner Stephen Paige ("Petitioner") did not file objections. As discussed below, the Court accepts and adopts the R. & R.

Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 on July 28, 2026, and Motions for Leave to Proceed *In Forma Pauperis* ("Motions"). [Doc. Nos. 5, 7]. The Court referred the case to Judge Mitchell for preliminary review under 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 3]. Prior to the issuance of the R. & R., Judge Mitchell reviewed Petitioner's submissions and ordered him to cure deficiencies on two occasions. [Doc. Nos. 4, 6].

The R. & R. found that Petitioner has sufficient funds to prepay the $5.00 filing fee and recommends that the Court deny Petitioner's Motions and require him to pay the fee for this habeas action to proceed. [Doc. No. 9 at 1]. The R. & R. further recommends that the Court dismiss this habeas action without prejudice if Petitioner does not pay the

$5.00 filing fee in full to the Clerk of Court within 21 days of this order. [*Id.* at 2]. The R. & R. advised Petitioner of his right to object by October 5, 2026, and warned that failure to file a timely objection would waive the right to appellate review of the factual and legal issues in the R. & R. [*Id.* (citing *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991))].

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). By not objecting to a magistrate judge's report and recommendation, a party waives his right to challenge the legal and factual basis for the magistrate judge's decision. *See Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that the plaintiffs "waived their right to appeal the magistrate's ruling" because they did not file any objections); *Moore*, 950 F.2d at 659 ("Our waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.").

Petitioner did not file an objection to the R. & R. by the deadline and thus waived his right to challenge the recommended disposition.[1] "The waiver rule as a procedural bar need not be applied when the interests of justice so dictate." *Moore*, 950 F.2d at 659. However, considering the factors, the interests of justice do not warrant an exception to

[1] Petitioner filed a request that the Court appoint counsel after the R. & R. issued, but Petitioner's request for counsel does not identify any issue with the findings or recommendations in the R. & R. [Doc. No. 10]. Therefore, the Court does not construe it as an objection to the R. & R.

the waiver rule in this case. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010) (explaining that the court may grant relief from the waiver rule for failure to timely object to the magistrate judge's report and recommendation in the "interests of justice" by considering factors such as a *pro se* litigant's effort to comply, the force and plausibility of the explanation for the party's failure to comply, and the importance of the issues raised).

Accordingly, for the above reasons, the Court ACCEPTS the R. & R. [Doc. No. 9]. The Court, therefore, DENIES Petitioner's Motions for Leave to Proceed In Forma Pauperis. [Doc. No. 5, 7]. The Court will dismiss this action without prejudice to refiling if Petitioner does not pay the $5.00 filing fee in full to the Clerk of the Court within 21 days of this Order, or by **November 9, 2026**, without further warning or opportunity to cure.[2]

IT IS SO ORDERED this 19th day of October 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

[2] Petitioner filed a notice on September 3, 2026, stating that he sent a disbursement from his prison account and that if the Court has not received it by mid-August, the Court must "investigate." [Doc. No. 8]. However, the Court notifies Petitioner that it has not received the $5.00 habeas filing fee as of the date of this order, and that it is up to Petitioner to prosecute his action and ensure that the $5.00 filing fee is received by the Court's deadline of November 9, 2026, or to seek an extension of time to pay the filing fee in advance of the expiration of the deadline.